UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK JACKSON-ALLEN,
#162043,

                Plaintiff,         Civil Action No. 15-10561
                                              Honorable Gershwin A. Drain
v.                                          Magistrate Judge David R. Grand

CONNIE TREVINO, LORI ENGMARK,
DANIEL H. HEYNS, and JOHN DOE,

                Defendants.
_____/

**REPORT AND RECOMMENDATION TO GRANT
THE MDOC DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [14]**

Before the Court is the Motion for Summary Judgment filed by Defendants Connie Trevino, Lori Engmark, and Daniel Heyns (collectively the "MDOC Defendants") on April 30, 2015. [14]. *Pro se* Plaintiff Derrick Jackson-Allen ("Jackson-Allen") filed a response to this motion on June 10, 2015 [17]; the MDOC Defendants filed a reply brief on June 24, 2015; [19] and Jackson-Allen filed an "answer" to this reply on July 21, 2015 [20]. An Order of Reference was entered on May 13, 2015, referring all pretrial matters to the undersigned pursuant to 28 U.S.C. §636(b). [15].

**I.    RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that the MDOC Defendants' Motion for Summary Judgment **[14]** be **GRANTED**.

**II.    REPORT**

    **A.    The Allegations in Jackson-Allen's Complaint**

Jackson-Allen is a State of Michigan prisoner who is currently confined at the Carson City Correctional Facility in Carson City, Michigan. [1]. Jackson-Allen brings this civil rights

1

action pursuant to 42 U.S.C. §1983 against the MDOC Defendants in both their individual and official capacities. Broadly speaking, Jackson-Allen claims that the MDOC Defendants, acting under color of state law, caused and/or allowed him to be incarcerated unconstitutionally for forty-one months and four days beyond the statutory maximum for his offenses. [1 at 10]. Defendants Connie Trevino and Lori Engmark were employed by MDOC at the time the alleged violations took place – Trevino in the Central Time Computation Unit, and Engmark as a Department Analyst. [1 at 6]. Jackson-Allen brings suit against Defendant Heyns as the "succeeding MDOC Director of Patricia Caruso," who was employed in that capacity at the time the alleged civil rights violations took place.[1] [1 at 6].

In 1998, Jackson-Allen was charged with the crime of Attempted Home Invasion-First, MCL 750.110(a)(2), Habitual Offender third offense. In 1999, pursuant to a plea agreement, he received a sentence of three to twenty years for this offense. [1 at 7]. Jackson-Allen was incarcerated from 1999 to 2004, when he was released on parole. [1 at 9]. Later in 2004, Jackson-Allen was re-incarcerated for violating conditions of his parole. [1 at 9]. In 2007, Jackson-Allen was again paroled; however, he was re-incarcerated in 2008. [1 at 9]. Jackson-Allen was paroled again in 2012, and the crux of his complaint concerns events that took place at that time. [1 at 9].

In his complaint, Jackson-Allen claims that on his second day of parole in 2012, his parole agent informed him that pursuant to MCL 750.110(a)(2), the statutory maximum for his home invasion crime was actually only ten years (not twenty) and, therefore, Jackson-Allen had served his maximum sentence in 2009. [1 at 10]. Jackson-Allen alleges that he was then

---

[1] Jackson-Allen also brings claims against various "John/Jane Doe(s)," including prison wardens, deputy wardens, counselors, case managers, and office staff. [1]. For the reasons set forth herein, the Court recommends that summary judgment be granted in favor of the Doe defendants as well.

discharged from parole. [1 at 10]. Prior to his discharge, Jackson-Allen had served 13 years, 5 months, and 4 days of his twenty-year sentence. [1 at 9-10].

In his complaint, Jackson-Allen alleges that the MDOC Defendants adopted discriminatory practices and/or customs that caused or allowed him to remain incarcerated for more than three years beyond the statutory maximum for his attempted home invasion conviction. [1 at 5]. Jackson-Allen further alleges that MDOC employees have a duty to ensure that inmates are not released or held beyond statutory minimums or maximums, as well as to correct any sentencing errors detected during the review of inmates' files. [1 at 7-8]. He alleges that the customs and practices adopted by MDOC staff to review inmates' records were inadequate, such that MDOC staff knew or should have known of his sentencing error when his files were reviewed numerous times during his incarceration and parole. Jackson-Allen alleges that the failure to bring this sentencing error to the trial court's attention caused or allowed him to serve beyond the statutory maximum for his offense, and that the MDOC Defendants' inaction to correct his sentence showed deliberate indifference to his rights. [1 at 9, 12]. Furthermore, Jackson-Allen alleges that Defendants Engmark and Trevino were aware of the MDOC's discriminatory customs or practices and had a duty to take steps to discontinue these customs or practices. [1 at 10].

Count I of Jackson-Allen's complaint alleges that the MDOC Defendants' actions violated his Fourteenth Amendment rights to liberty, as well as fair and equal treatment under the Equal Protection Clause. Count II of the complaint alleges that the MDOC Defendants' actions violated Jackson-Allen's Eighth Amendment right to be free from cruel and unusual punishment. [1 at12]. Jackson-Allen sues all defendants in their personal and official capacities, seeking compensatory damages for the unnecessary time he was incarcerated and for emotional distress,

as well punitive damages. [1 at 11, 16].

### B. Standard of Review

Federal Rule of Civil Procedure 56 provides that, "The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Pittman v. Cuyahoga County Dep't of Children & Family Servs.*, 640 F.3d 716, 723 (6th Cir. 2011). A fact is material if it might affect the outcome of the case under governing law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). In determining whether a genuine issue of material fact exists, the court assumes the truth of the non-moving party's evidence and construes all reasonable inferences from that evidence in the light most favorable to the non-moving party. *See Ciminillo v. Streicher*, 434 F.3d 461, 464 (6th Cir. 2006); *McLeon v. 988011 Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000).

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion, and must identify particular portions of the record that demonstrate the absence of genuine dispute as to any material fact. *See Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009). "Once the moving party satisfies its burden, 'the burden shifts to the non-moving party to set forth specific facts showing a triable issue.'" *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 453 (6th Cir. 2001) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). In response to a summary judgment motion, the opposing party may not rest on its pleadings, nor "'rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact' but must make an affirmative showing with proper evidence in order to defeat the motion." *Alexander*, 576 F.3d at 558 (quoting *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989)).

**C.     Analysis**

In their motion for summary judgment, the MDOC Defendants advance three arguments: (1) that Jackson-Allen's claims against Director Heyns fail because he has not alleged the requisite level of personal involvement; (2) that Jackson-Allen's official capacity claims against the MDOC Defendants are barred by the Eleventh Amendment; and (3) that all of Jackson-Allen's claims are barred by the doctrine of qualified immunity. Each of these arguments will be addressed in turn.[2]

> *1.     Jackson-Allen's Claims against Director Heyns Should be Dismissed Because He Has Not Alleged the Requisite Level of Personal Involvement*

Jackson-Allen sues Defendant Heyns as the successor of MDOC Director Patricia Caruso, who was employed in that capacity at the time the alleged violations took place. [1 at 6]. In their motion for summary judgment, the MDOC Defendants argue that summary judgment is appropriate on Jackson-Allen's claims against Director Heyns because he was not personally involved in the activity that forms the basis of the complaint. [14 at 15]. The Court agrees.

In order to demonstrate liability under §1983, a plaintiff must first establish that each named defendant acted under color of state law and that his actions violated rights secured by the Constitution and/or laws of the United States. *See Baker v. McCollan*, 443 U.S. 137 (1989). The plaintiff must also make a clear showing that each named defendant was personally involved in the activity that forms the basis of the complaint. *See Rizzo v. Goode*, 423 U.S. 362, 377 (1976);

---

[2] The MDOC Defendants also argue that Jackson-Allen's complaint should be dismissed because he failed to properly exhaust his administrative remedies, as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. §1997(e)(a). [14 at 9]. Jackson-Allen concedes that he did not file a grievance regarding the issues raised in his complaint. He alleges, however, that he was not required to do so because at the time he became aware of the MDOC Defendants' constitutional violations, he was no longer a prisoner or parolee. [17 at 6]. While the Court tends to find merit to Jackson-Allen's argument in this respect, it need not resolve this issue because it is recommending granting summary judgment in favor of the Defendants on other grounds.

*Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Moreover, §1983 liability cannot be premised upon mere allegations of *respondeat superior*; rather, in order for a party to be held liable under §1983, there must be a showing that the party personally participated in, or otherwise authorized, approved, or knowingly acquiesced in, the allegedly unconstitutional conduct. *See Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Bellamy*, 729 F.2d at 421. A supervisory official's awareness of a complaint of allegedly illegal conduct, and his subsequent failure to take corrective action, is insufficient to trigger §1983 liability. *See Poe v. Haydon*, 853 F.2d 418, 429 (6th Cir. 1988). Liability under §1983 must be based upon active unconstitutional behavior, not a "mere failure to act." *Shehee*, 199 F.3d at 300.

In this case, the only allegation Jackson-Allen makes against Director Heyns is that he is "the succeeding MDOC Director of Patricia Caruso, who was acting in that capacity under the color of law, when she caused and/or allowed the violations of clearly established laws in violation of the Plaintiff's Civil Rights, as successor he is sued in his official and individual capacities." [1 at 6]. Jackson-Allen makes no further allegations regarding either Director Caruso's or Director Heyns' personal involvement in these violations. Under Sixth Circuit law, Director Heyns could be liable in his supervisory capacity only if he "either encouraged the specific incident of misconduct or in some other way directly participated in it." *Hays v. Jefferson County, Ky.*, 668 F.2d 869, 874 (6th Cir. 1982). Because Jackson-Allen has not alleged that Director Heyns encouraged or participated in the complained of acts, he has not demonstrated the requisite level of personal involvement, and Director Heyns cannot be liable to him under §1983. Accordingly, summary judgment is appropriate on Jackson-Allen's claims against Director Heyns.

        2.    *The MDOC Defendants Are Entitled to*
             *Sovereign Immunity in Their Official Capacity*

Jackson-Allen has sued the MDOC Defendants in both their personal capacities and their official capacities as employees of the State of Michigan. The MDOC Defendants argue that summary judgment is appropriate on Jackson-Allen's official capacity claims against them. The Eleventh Amendment provides:

> The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI.

The Supreme Court has held that the Eleventh Amendment proscribes suits against the state by its own citizens, as well as by citizens of another state. *See Emps. of Dept. of Pub. Health & Welfare, Mo. v. Dept. of Pub. Health & Welfare, Mo.* 411 U.S. 279, 280 (1973). Furthermore, the Sixth Circuit has specifically held that MDOC employees are entitled to sovereign immunity from official capacity §1983 claims:

> Because sovereign immunity extends to "state instrumentalities," and the MDOC is "an arm of the State of Michigan," the MDOC is entitled to sovereign immunity on the §1983 claim as well. Moreover, the named Defendants, in their official capacities, are similarly entitled to immunity with respect to [Plaintiff's] §1983 claim because "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office," which is "no different from a suit against the State."

*McCoy v. Michigan*, 369 F. App'x. 646, 653 (6th Cir. 2010) (citations omitted). It is clear, then, that Jackson-Allen's claims against the MDOC Defendants in their official capacities are barred by sovereign immunity and should be dismissed.

>    3.  *Jackson-Allen's Claims are Barred by*
>        *the Doctrine of Qualified Immunity*

The MDOC Defendants also argue that this Court should grant summary judgment on all of Jackson-Allen's claims because they are entitled to qualified immunity. The Court agrees.

The doctrine of qualified immunity "shields 'government officials performing discretionary functions . . . from civil damages liability as long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated.'" *Solomon v. Auburn Hills Police Dep't*, 389 F.3d 167, 172 (6th Cir. 2004) (quoting *Anderson v. Creighton*, 483 U.S. 635, 638 (1987)). Courts apply a two-part inquiry to determine whether a defendant is entitled to qualified immunity. *See Saucier v. Katz*, 533 U.S. 194, 201 (2001). The first step is to determine whether "the facts alleged show the officer's conduct violated a constitutional right[.]" *Id.* at 201. If a constitutional violation is shown, the court also considers "whether the right was clearly established." *Id.* The Supreme Court has held, however, that this order of decision is not inflexible. *See Pearson v. Callahan*, 555 U.S. 223, 227 (2009). Rather, courts may decide the issue of qualified immunity by finding that the law was not clearly established, without first deciding the question of whether there was a violation in the first place. *See id*. As the plaintiff, Jackson-Allen bears the burden of proving that the MDOC Defendants are not entitled to qualified immunity. *See id.*; *see also Garretson v. City of Madison Heights*, 407 F.3d 789, 798 (6th Cir. 2005).

In this case, the MDOC Defendants argue that they are entitled to qualified immunity under the second prong of the analysis because their actions were not objectively unreasonable in light of clearly established law. [14 at 21]. For a right to be "clearly established," the right's contours "must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Saucier*, 533 U.S. at 202 (internal quotations omitted). More

specifically, in order to find that a clearly established right exists, "the district court must find binding precedent by the Supreme Court, [the Sixth Circuit], the highest court in the state in which the action arose, or itself, so holding." *Wayne v. Village of Sebring*, 36 F.3d 517, 531 (6th Cir. 1994) (internal quotations omitted). Moreover, it is not up to the MDOC Defendants to prove that the law was not clearly established; rather, "[t]he burden of convincing a court that the law was clearly established 'rests squarely with the plaintiff.'" *Key v. Grayson*, 179 F.3d 996, 1000 (6th Cir. 1999) (internal quotations omitted).

In his complaint, Jackson-Allen asserts that, consistent with a negotiated plea agreement, he pled guilty to home invasion, and the sentencing judge imposed a sentence of 3-20 years. [1 at 7]. Apparently, neither the sentencing judge, the prosecuting attorney, Jackson-Allen, Jackson-Allen's attorney, nor appellate counsel recognized that the crime for which Jackson-Allen pled guilty carried a maximum sentence of only 10 years. Jackson-Allen does not allege that he filed a grievance (or otherwise complained to any of the MDOC Defendants) about the propriety of his sentence.[3] Rather, he asserts that the MDOC Defendants had a duty to independently review "all inmate files for sentencing errors" and "take steps to have any

---

[3] At most, Jackson-Allen alleges that, "In 2000 while at the Lakeland Correctional Facility, [he] spoke with the warden [and] attempted to explain to her that his time sheet issued by the MDOC was not correct." [1 at 9]. However, that is a far cry from alleging that he actually challenged the legality of his sentence at that time. Indeed, Jackson-Allen's filings show he made no such challenge. First, it is worth noting that he did not file the instant complaint until some 15 years after whatever event he is referring to at the Lakeland Facility. [1]. Jackson-Allen alleges that during the intervening time, his "files were reviewed in excess of fifty (50) or more times by at least ten (10) different MDOC Staff," though he does not claim to have communicated with any of them about the length of his sentence. [*Id.*]. And, Jackson-Allen himself makes clear that it was not until 2012 that he learned his sentence was in excess of the statutory minimum, when he was paroled and "the parole agent stated to [him] that he never should have been on parole, [and] that he had served his maximum sentence in 2009." [*Id.* at 9-10]. He further corroborates this assertion in his discussion of the exhaustion issue in his supplemental brief, where he makes clear that he learned of the alleged sentencing error from his parole office in 2012. [20 at 2] (noting that his seven-day period for filing a grievance began in 2012 "once he learn [sic] of [the sentencing error].").

9

sentencing errors corrected in a timely fashion and manner." [1 at 7, 8]. Jackson-Allen claims that various MDOC officials reviewed his inmate file numerous times over the years, and asserts that their actions in failing to identify the sentencing error and correct his sentence amounted to deliberate indifference under the Eighth Amendment and/or a violation of his Fourteenth Amendment rights to due process and equal protection of the laws. [1 at 9-12].

In arguing that the MDOC Defendants' actions violated a clearly established right, Jackson-Allen attempts to define this right broadly, asserting that, "A reasonable person in defendants' position would have undoubtedly known that a prisoner could not legally be held beyond the statutory maximum of the prisoner's sentence imposed by the courts." [17 at 9-10]. Jackson-Allen does not appropriately frame the issue, however. The Supreme Court and the Sixth Circuit have emphasized that this inquiry "'must be undertaken in light of the specific context of the case, not as a broad general proposition." *Brosseau v. Haugen*, 543 U.S. 194, 198 (2004) (quoting *Saucier*, 533 U.S. at 201); *see Silberstein v. City of Dayton*, 440 F.3d 306, 316 (6th Cir. 2006). Thus, "the right the official is alleged to have violated must have been 'clearly established' in a more particularized, and hence more relevant sense." *Lyons v. City of Xenia*, 417 F.3d 565, 572 (6th Cir. 2005) (internal quotations omitted).

Here, then, the MDOC Defendants persuasively argue that their actions were not objectively unreasonable in light of clearly established law. [14 at 22-23 ("Defendants could find no case establishing that a prisoner has a constitutionally protected right to have MDOC Officials act independently as a 'Habeas Corpus review team' sniffing out all possible challenges that a prisoner may wish to make to his criminal conviction.")]. Jackson-Allen has offered no binding authority (from the Supreme Court, the Sixth Circuit, or otherwise) requiring prison officials to independently review sentencing orders to make sure that the court imposed the

10

correct sentence. The absence of such a clearly-established duty is determinative of the MDOC Defendants' entitlement to qualified immunity. Thus, while it would certainly be regrettable if Jackson-Allen served more prison time than permitted by statute, he has not established (or even alleged any facts to raise a question of material fact, *see supra*, fn. 3) that the MDOC Defendants' actions were objectively unreasonable in light of clearly established law. Thus, the MDOC Defendants are entitled to qualified immunity on all of Jackson-Allen's claims.

### III.   CONCLUSION

For the reasons set forth above, **IT IS RECOMMENDED** that the MDOC Defendants' Motion for Summary Judgment **[14]** be **GRANTED**.


Dated: August 31, 2015                                  s/David R. Grand
Ann Arbor, Michigan                                     DAVID R. GRAND
                                                        United States Magistrate Judge


### NOTICE TO THE PARTIES REGARDING OBJECTIONS

Within 14 days after being served with a copy of this Report and Recommendation, any party may serve and file specific written objections to the proposed findings and recommendations set forth above. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).

Copies of any objections must be served upon the Magistrate Judge.  *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy.  *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1).  Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 31, 2015.

                                               s/Eddrey O. Butts
                                               EDDREY O. BUTTS
                                               Case Manager