UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK JACKSON-ALLEN,

    Plaintiff,

v.

CONNIE TREVINO, LORI ENGMARK, DANIEL H. HEYNS, and JOHN DOE(S),

    Defendants.

_____/

Case No. 15-10561

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
DAVID R. GRAND

**OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [24] AND GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [14]**

**I. INTRODUCTION**

Derrick Jackson-Allen ("Plaintiff") brought this action against Connie Trevino, Lori Engmark, Daniel Heyns, and unknown Michigan Department of Correction Employees ("Defendants") pursuant to 42 U.S.C. § 1983 on February 12, 2015. *See* Dkt. No. 1. In the complaint, Plaintiff alleged that the Michigan Department Corrections had violated his Eighth and Fourteenth Amendment rights by forcing him to serve an illegally long sentence. *Id.* This Court referred the matter to Magistrate Judge David R. Grand on May 13, 2015. *See* Dkt. No. 15.

Defendants moved for Summary Judgment on April 30, 2015. *See* Dkt. No. 14. The Magistrate Court issued a Report and Recommendation on August 31, 2015. *See* Dkt. No. 21. Magistrate Judge Grand recommended that the Defendants' Motion for Summary Judgment be granted, and that the case be dismissed. *Id.* at 1.

-1-

Plaintiff filed an Objection to the Report on October 2, 2015. *See* Dkt. No. 24. For the reasons discussed herein, the Objection is **OVERRULED**, and Magistrate Judge Grand's Report and Recommendation is **ACCEPTED**.

## II. BACKGROUND

According to the Complaint, Plaintiff pled guilty to various offenses and was sentenced to 3 to 20 years incarceration in 1990. Dkt. No. 14 at 7 (Pg. ID No. 47). In 2012, Plaintiff was granted parole status and, prior to his release, an internal audit of his prison file was conducted. *Id.* The audit discovered that, despite the plea agreement, the offense that Plaintiff pled to only carried a 10 year maximum sentence. *Id.* Fourteen months later, the sentencing court was notified of this discovery. *Id.* at 8 (Pg. ID No. 48). Plaintiff was discharged. *Id.*

Plaintiff, now incarcerated on new crimes, is suing the Defendants, claiming that they should have discovered the error sooner. *Id.* The Defendants have been sued in both their individual and official capacities. *Id.*

## III. STANDARD OF REVIEW

Where a party has objected to portions of a Magistrate Judge's Report and Recommendation, the Court conducts a *de novo* review of those portions. *See* Fed. R. Civ. P. 72(b); *Lyons v. Comm'r of Soc. Sec.,* 351 F.Supp.2d 659, 661 (E.D. Mich. 2004). Federal Rule of Civil Procedure 56(c) "directs that summary judgment shall be granted if 'there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' " *Cehrs v. Ne. Ohio Alzheimer's Research Ctr.*, 155 F.3d 775, 779 (6th Cir. 1998). The court must view the facts, and draw reasonable inferences from those facts, in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 255 (1986). No genuine dispute of material fact exists where the record "taken as a whole could not lead a

rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus., Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Ultimately, the court evaluates "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52.

## IV. DISCUSSION

### A. OBJECTION NO. 1: The Magistrate Judge Erred by Concluding that Director Heyns Should be Dismissed Because Plaintiff Has Not Alleged the Requisite Level of Personal Involvement

Plaintiff argues that the "Magistrate Judge erred in concluding that Plaintiff has not demonstrated the requisite level of personal involvement on the part of Director Daniel Heyns in order to sustain him in this action." Dkt. No. 24 at 3 (Pg. ID No. 166).

"On the issue of § 1983 liability of supervisory personnel, *Hays v. Jefferson County*, 668 F.2d 869 (6th Cir.), *cert.* denied, 459 U.S. 833, 103 S.Ct. 75, 74 L.Ed.2d 73 (1982), established that a supervisory official's failure to supervise, control, or train the offending individual is not actionable, unless the supervisor 'either *encouraged* the specific incident of misconduct or in some other way *directly participated* in it.' " *Poe v. Haydon*, 853 F.2d 418, 429 (6th Cir. 1988) (quoting *Hays*, 668 F.2d at 874) (emphasis added)).

Plaintiff has provided the MDOC policies, but has not brought any evidence that Director Heyns directly participated in or encouraged any misconduct. Merely showing that one is the supervisor is not sufficient to find liability. *Id.* ("At best, she has merely claimed that the appellants were aware of alleged harassment, but did not take appropriate action. This is insufficient to impose liability on supervisory personnel under § 1983."). Therefore, this objection is overruled.

**B. OBJECTION NO. 2: The Magistrate Judge Erred in Determining that Plaintiff's Claims are Barred by the Doctrine of Qualified Immunity**

Plaintiff next argues that the "Magistrate Judge has incorrectly determined that the MDOC Defendants are entitled to qualified immunity as to all of Plaintiff's claims." Dkt. No. 24 at 4 (Pg. ID No. 167).

An analysis of qualified immunity is two-fold. The first step is to determine whether "the facts alleged show the officer's conduct violated a constitutional right[.]" *Saucier v. Katz*, 533 U.S. 194, 201 (2001). If a constitutional violation is shown, the court also considers "whether the right was clearly established." *Id.* The burden of establishing the right as clearly established rests with the Plaintiff. *Key v. Grayson*, 179 F.3d 996, 1000 (6th Cir. 1999) ("The burden of convincing a court that the law was clearly established 'rests squarely with the plaintiff.' ") (quoting *Cope v. Heltsley*, 128 F.3d 452, 459 (6th Cir. 1997)).

The Magistrate Judge specifically held that Plaintiff did not offer any "binding authority (from the Supreme Court, the Sixth Circuit, or otherwise) requiring prison officials to independently review sentencing orders to make sure that the court imposed the correct sentence." Dkt. No. 21 at 10–11 (Pg. ID No. 155–56). In the objection, Plaintiff points to *Harrison v. Michigan*, 722 F.3d 768 (6th Cir. 2013) to stand for such binding authority. However, *Harrison* does not speak to independent review of sentencing orders. In *Harrison*, the Sixth Circuit analyzed whether the Plaintiff's claims against non-state defendants were barred by the statute of limitations. *Id.* at 771–776. Plaintiff does not point to any other case law establishing a breach of a duty by the MDOC. Therefore, the Plaintiff has failed his burden of convincing the court that a clearly established right was violated. The objection is overruled.

### C. Sovereign Immunity

Plaintiff did not object to the Magistrate Judge's finding that the MDOC Defendants are entitled to Sovereign Immunity in their official capacity. Regardless of this omission, an objection to this finding would be overruled. As the Magistrate Court noted in the Report and Recommendation, "the Sixth Circuit has specifically held that MDOC employees are entitled to sovereign immunity from official capacity § 1983 claims." *See* Dkt. No. 21 at 7 (Pg. ID No. 152); *see also Harrison*, 722 F. 3d at 771. Despite Plaintiff's arguments to the contrary, *see* Dkt. No. 17 at 8 (Pg. ID No. 126), it doesn't matter what relief is sought.[1] *Kentucky v. Graham*, 473 U.S. 159, 167 at n.14 (1985) ("Unless a State has waived its Eleventh Amendment immunity or Congress has overridden it, however, a State cannot be sued directly in its own name *regardless of the relief sought*.") (emphasis added). Accordingly, the § 1983 claims brought against the Defendants in their official capacities will be dismissed.

### V. CONCLUSION

For the reasons discussed above, the Court **HEREBY OVERRULES** Plaintiff's Objection, **ACCEPTS** Magistrate Judge Grand's Report and Recommendation [24]; Defendants' Motion for Summary Judgment [14] is **GRANTED.**

IT IS SO ORDERED.

Dated: December 22, 2015  /s/Gershwin A Drain  
Detroit, MI  HON. GERSHWIN A. DRAIN  
United States District Court Judge

---

[1] Plaintiff argues that Sovereign Immunity should not be granted because he has requested injunctive relief. Not only is the relief requested irrelevant to the question of sovereign immunity, but the assertion is plainly false—Plaintiff has only requested damages. *See* Dkt. No. 1.